UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| JANE NYLANDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| LVNV FUNDING, LLC., ) | |
| and TRANSUNION, LLC., ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

NOW COMES Plaintiff, JANE NYLANDER ("Plaintiff"), by and through her attorneys, hereby alleging the following against Defendants LVNV FUNDING, LLC. ("LVNV") and TRANSUNION, LLC ("TRANSUNION")  (collectively referred to as "Defendant"):

**Nature of the Action**

1. This action arises pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

**Parties**

2. Plaintiff is a natural person at all times relevant residing in Ocean County, in the City of Whiting, in the State of New Jersey.

3. At all times relevant, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4. Defendant LVNV, is a financial services company located in Greenville, South Carolina and conducting business in the State of New Jersey.

5. Defendant LVNV was a "person" at all times relevant as that term is defined by 15 U.S.C. § 1681a(b) and a "furnisher" of credit information as that term is described in 15 U.S.C. §

1681s-2 *et seq*.

6. Defendant TRANSUNION is business entity with its headquarters located in Chicago, Illinois and conducting business in the State of New Jersey.

7. Defendant TRANSUNION is a "person" as that term is defined by a consumer reporting agency as that term is defined 15 U.S.C. § 1681a(b).

8. Defendant TRANSUNION is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

9. Defendant TRANSUNION furnishes such consumer reports to third parties under contract for monetary compensation.

10. Defendant TRANSUNION, along with Experian and Equifax, who are not parties to this matter, is a "consumer reporting agency" ("CRA") as that term is described in 15 U.S.C. § 1681a(f).

11. At all times relevant to this Complaint, Defendants acted through its agents employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

### Jurisdiction and Venue

12. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

13. Venue is proper pursuant to 28 U.S.C § 1391(b) as the conduct giving rise to this action occurred in this District because Plaintiff resides within this District and a substantial part of the events or omissions giving rise to the herein claims occurred, or a substantial part of property that is the subject of the action is situated within this District.

## Factual Allegations

14. Plaintiff is a consumer who is the victim of inaccurate reporting by TRANSUNION and LVNV, and has suffered particularized and concrete harm.

15. CRAs, including TRANSUNION, have a duty under the FCRA to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

16. On or about September 13, 2018, Plaintiff and LVNV settled an account ending in #0912 ("Account") for $1,305.00.

17. Pursuant to the settlement agreement, upon receipt of $1,305.00 in payments, LVNV would consider the Account settled for less than the full balance.

18. On or about May 28, 2019, Plaintiff satisfied the settlement terms by making a final payment, totally $1,305.00 pursuant to the agreement.

19. Despite Plaintiff's performance under the terms of the agreement, Defendant LVNV reported incorrect information regarding the Account to the CRAs, including TRANSUNION.

20. Specifically, TRANSUNION reported on April 22, 2020 the Account was "In Collections" with a balance of $2,893.00, which is inaccurate since the PLAINTIFF paid off her account.

21. On or about April 28, 2020, Plaintiff issued a dispute to TRANSUNION regarding the incorrect information being reported on the Account.

22. Specifically, Plaintiff disputed the incorrect entries in her credit report that the account was "In Collections" with a balance of $2,893.00.

23. Pursuant to its responsibility in 15 U.S.C. § 1681i, TRANSUNION notified LVNV of Plaintiff's dispute regarding the accuracy of the information they provided concerning the Account.

24. Upon being notified by TRANSUNION, LVNV was required to conduct an investigation with respect to the disputed information, review all relevant information provided by TRANSUNION, report the results of the investigation to TRANSUNION, and if the investigation found information was incomplete and inaccurate, report such results to all CRAs. 15 U.S.C. § 1681s-(2)(b)(1).

25. As of July 20, 2020, TRANSUNION continued to report the Account incorrectly, reporting a status of "In Collections" with a balance of $2,893.00.

26. The aforementioned information reported by TRANSUNION regarding the Account with LVNV is inaccurate, or otherwise misleading, and is adverse to the agreement between Plaintiff and LVNV that the Account would be "settled for less than the full balance."

27. If LVNV would have complied with its statutory duties, the incorrect information regarding the Account would not have been reported.

28. Further, after receiving Plaintiff's dispute concerning the inaccurate information of the Account, TRANSUNION was required to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit file(s) it published and maintained concerning Plaintiff. 15 U.S.C. § 1681e(b).

29. If TRANSUNION would have complied with its statutory duties, incorrect information concerning the Account would not have been reported despite notice from Plaintiff.

30. As a result of this conduct and action and inaction of Defendants, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, and mental and emotional distress.

## COUNT I – TRANSUNION
## Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681e(b)

31. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

32. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

33. TRANSUNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report(s) and credit file(s) that TRANSUNION published and maintained concerning Plaintiff.

34. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant TRANSUNION liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

36. In the alternative, TRANSUNION was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from TRANSUNION, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – TRANSUNION
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681i

38. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

39. After receiving Plaintiff's dispute, TRANSUNION failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

40. Defendant TRANSUNION violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

41. As a result of this conduct, action and inaction of TRANSUNION, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. TRANSUNION's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

43. In the alternative, Defendant TRANSUNION was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TRANSUNION pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – LVNV
### Violation of the Fair Credit Reporting Act – 15 U.S.C. § 1681s-2(b)

45. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-30.

46. After receiving Plaintiff's dispute, LVNV failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

47. LVNV violated 15 U.S.C. §1681s-2(b) by failing to conduct an investigation with respect to the information disputed by Plaintiff, by failing to review all relevant information regarding Plaintiff's dispute, by failing to accurately report the results of the investigation to TRANSUNION, and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of LVNV's representations to the CRAs.

48. As a result of this conduct, action, and inaction of LVNV, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. LVNV's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

50. In the alternative, LVNV was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

51. Plaintiff is entitled to recover costs and attorneys' fees from LVNV pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## Prayer For Relief

WHEREFORE, Plaintiff respectfully requests judgment be entered against Defendants for negligent or willful noncompliance with the Fair Credit Reporting Act and prays for the following:

a) Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

b) Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

c) The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

d) Any further legal and equitable relief as the court may deem just and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated:  December 10, 2020

Respectfully submitted,

*/s/ Daniel Ruggiero*
Daniel Ruggiero
The Law Office of Daniel Ruggiero
Daniel Goldsmith Ruggiero
275 Grove St., Suite 2-400
Newton, MA, 02466
P: (339) 237-0343
E: DRuggieroEsq@gmail.com

Attorneys for Plaintiff,
JANE NYLANDER